UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HATTEM THABATA,

        Plaintiff,        Civil Case No. 14-13104
                                        Honorable Linda V. Parker

v.

GREEN TREE SERVICING LLC
EVERHOME MORTGAGE,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS [ECF NO. 6]**

       This is a mortgage foreclosure case. Plaintiff Hattem Thabata ("Plaintiff") commenced this action in Washtenaw County Circuit Court against Defendants Green Tree Servicing LLC and EverHome Mortgage Company (collectively "Defendants"). (Compl., ECF No. 1-2.) After removing the case to this Court, Defendants filed their motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) For the foregoing reasons, Defendants' motion is **GRANTED**.

I.

**Background**

       This case involves real property located at 4596 Nutmeg Drive, Ypsilanti, MI 48197 (the "Property"). (Mortg., ECF No. 6-3 at Pg. ID 130.) On or about

1

August 29, 2001, Plaintiff received a mortgage loan from third party Irwin Mortgage Corporation in the amount of $267,950.00. (Mortg. Note, ECF No. 6-2 at Pg. ID 123.) At closing, Plaintiff signed a mortgage note, and to secure the repayment of the mortgage loan, granted a mortgage on the Property. (Mortg., ECF No. 6-3.) The Mortgage was recorded in Washtenaw County. (*Id.* at Pg. ID 130.) According to the mortgage, if Plaintiff failed to make the required payments under the note, the holder of the mortgage could commence foreclosure proceedings against the Property. (*Id.* at Pg. ID 136.)

On or about December, 1, 2012, Plaintiff allegedly failed to make timely payments and thus defaulted on his loan obligations. (Compl, ECF No. 1-2 at Pg. ID 15; Defs.' Br., ECF No. 6 at Pg. ID 108.) Thereafter, Defendants initiated foreclosure by advertisement under Michigan law on the Property. (Sheriff's Deed, ECF No. 6-5 at Pg. ID 151–52.) Ultimately, the Property was sold at a sheriff's sale on January 9, 2014. (*Id.*)

Subsequently, Plaintiff filed this action, asserting that Defendants wrongfully determined he was not eligible for loan modification. (Compl., ECF No. 1-2 at Pg. ID 17–18.) In his complaint, Plaintiff brings the following claims: (1) quiet title; (2) breach of MCL § 600.3205; (3) conversion by advertisement to a judicial foreclosure pursuant to MCL § 600.3205(c)(8); and (4) injunction and

2

other relief. [1] (*Id.* at Pg. ID 16–22.) Thereafter, Defendants filed their motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.)

## II.

**Standard of Review**

Defendants bring their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Only a complaint that states a plausible claim for relief survives a Rule 12 (b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). Further, the complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (2009). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to

---

[1] Having reviewed the record, it is apparent that count 4 of the complaint is not a separate count; rather, it is a request for relief and other remedies. "Injunctive relief is a remedy and not an independent cause of action." *Narra v. Fannie Mae*, No. 2:13-CV-12282, 2014 WL 505571, at *3 (E.D. Mich. Feb. 7, 2014) (citing *Riley–Jackson v. Ocwen Loan Servicing*, 2013 WL 5676827, at *5 (E.D. Mich. Oct.18, 2013); *Henry v. Dow Chem. Co.*, 473 Mich. 63, 96–97 (2005) ("It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy")). Accordingly, count 4 of the complaint is **DISMISSED**.

dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555.

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati,* 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.,* 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed.R.Civ.P. 10(c)); *see also Koubriti v. Convertino,* 593 F.3d 459, 463 n. 1 (6th Cir. 2010).

Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.,* 508 F.3d at 335–36. Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997) (holding that plan

documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc.,* 508 F.3d at 336.

### III.

**Quiet Title**

In Count 1 of the complaint, Plaintiff alleges that he is entitled to have title to his home quieted in himself. (Compl., ECF No. 1-2 at Pg. ID 16.) In Michigan, a quiet title action is a statutory cause of action. *Gregory v. CitiMortgage, Inc.*, 890 F. Supp. 2d 791, 803 (E.D. Mich. 2012). Michigan Compiled Laws (MCL) § 600.2932(1) states that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." MCL § 600.2932. **"**That statute codifies actions to quiet title and authorizes suits to determine competing parties' respective interests in land." *Gregory*, 890 F. Supp. 2d at 803 (citing *Republic Bank v. Modular One LLC*, 591 N.W.2d 335, 337 (1998), overruled on other grounds by *Stokes v. Millen Roofing Co.*, 649 N.W.2d 371 (2002)).

5

"A party seeking to establish clear title has the burden of proof in a quiet title action and must make out a prima facie case that they have title to the disputed land." *Id.* (citing *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (1999)) (further citations omitted). "If the plaintiff establishes a prima facie case, the burden of proof shifts to the contestant to establish superior right or title to the property." *Id.* (citations omitted). If a defendant fails in its proof and the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto. *Id.* (citing Mich. Comp. Laws § 600.2932(3)).

"Under Michigan law, a former owner's right, title, and interest in property are extinguished upon the expiration of the redemption period." *Gregory*, 890 F. Supp. 2d at 803 (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). "Michigan law allows the mortgagors to set aside the foreclosure sale if they make a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Gjokaj v. HSBC Mortgage Servs., Inc.*, 602 F. App'x 275, 278 (6th Cir. 2015) (quoting *Vanderhoof v. Deutsche Bank Nat'l Trust*, 554 Fed.Appx. 355, 357 (6th Cir. 2014)) (further citations omitted). "The standard to do so is high." *Id.* (citing *Vanderhoof*, 554 Fed.Appx. at 357). In addition to a showing of irregularity, in order to set aside the foreclosure sale, "the mortgagor must [also] show prejudice, i.e., that they would have been in a better position to

6

preserve their interest in the property absent defendant's noncompliance with the statute." *Gjokaj*, 602 F. Appx. at 278 (quoting *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012)) (internal quotations omitted).

In the case at hand, Plaintiff failed to redeem the property before the redemption period expired July 9, 2014. (Compl., ECF No. 1-2 at Pg. ID 16.) [2] Plaintiff, in support of his claim, asserts that Defendants failed to comply with the loan modification requirements of MCL § 600.3205 ("the loan modification statute") when foreclosing on the Property, and thus his quiet title claim should survive. (*Id.*) Specifically, Plaintiff asserts that Defendants violated the loan modification statute given that: (1) Defendants should have provided Plaintiff with a loan modification upon Plaintiff's application for same; and (2) Plaintiff was never sent a "denial letter with calculations" when Defendants rejected his application for loan modification; and (3) that for these reasons, the foreclosure by advertisement brought pursuant to MCL § 600.3204 was marked with irregularities and the foreclosure must consequently be set aside. (Compl., ECF No. 1-2 at Pg.

---

[2] The fact that Plaintiff brought his claim on July 9, 2014 does not toll the redemption period. *Snell v. Wells Fargo Bank*, No. 11-CV-12018, 2012 WL 1048576, at *2 (E.D. Mich. Mar. 28, 2012) (citing *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009) (holding that the plaintiff's filing of his lawsuit one month before the expiration of the redemption period did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings); *Gendiar v. BAC Home Loans Servicing, L.P* ., 2012 WL 130139 (E.D. Mich., Jan.17, 2012) (suit filed on day that redemption period expired, same)).

ID 16–17; Pl.'s Resp. Br., ECF No. 9 at Pg. ID 223, 225–26.) This argument fails, and thus Plaintiff's asserted interest, right, and title to the Property are extinguished.

"[A] violation of the loan modification statute does not amount to fraud or irregularity in the foreclosure procedure itself." *Gjokaj*, 602 F. Appx. at 278 (citing *Williams v. Pledged Prop. II, LLC*, 508 Fed. Appx. 465, 468 (6th Cir. 2012)). Additionally, to have effectively raised his loan modification claim, Plaintiff should have "filed an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure after foreclosure-by-advertisement was initiated, *but prior to* the sale." *Id.* (quoting MCL § 600.3205c(8) (repealed)) (emphasis added). Plaintiff did not do so until July 9, 2014, *after* the January 9, 2014 sheriff's sale. (Compl., ECF No. 1-2 at Pg. ID 11; Sherriff's Deed, ECF No. 6-5 at Pg. ID 151.)

Additionally, Plaintiff does not raise an argument for prejudice in the complaint. Rather, in his responsive brief, Plaintiff asserts: "Plaintiff contends that Defendants' failure to abide by the loan modification statutory guidelines resulted in his loss of the opportunity to preserve his interest in the [ ] property" (Pl.'s Resp. Br., ECF No. 9, at Pg. ID 231.) Additionally, relying on *Roller v. Fed. Nat. Mortgage Ass'n*, No. 12-CV-11236, 2012 WL 5828625, at *5 (E.D. Mich. June 4, 2012), Plaintiff asserts that "there is no evidence on the record regarding the

8

prejudice endured by the Plaintiff, as there has been no opportunity to present any since there has been no discovery." (*Id.*) Plaintiff's counsel made this same argument on appeal in *Holliday v. Wells Fargo Bank, NA*, 569 F. Appx. 366, 372 (6th Cir. 2014), in which the Sixth Circuit rejected Plaintiff's counsel's reliance on *Roller*, holding: "[i]t is well settled that a party cannot "use the discovery process to obtain [the facts it needs to support its claim] after filing suit." *Holliday v. Wells Fargo Bank, NA*, 569 F. Appx. 366, 372 (6th Cir. 2014) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). Accordingly, Plaintiff's argument for prejudice also fails.

Accordingly, given that: (1) violations of the loan modification statute do not amount to the requisite fraud or irregularity needed to set aside the foreclosure; and alternatively (2) Plaintiff cannot use the discovery process to establish prejudice, the Court **GRANTS** Defendants' motion as to Count 1.

### IV.

**Violation of MCL § 600.3205 *et seq.***

In Count 2 of Plaintiff's complaint, Plaintiff asserts that Defendants violated several provisions of MCL 600.3205(c). (Compl., ECF No. 1-2 at Pg. ID 17–18.) Defendants argue that the statute does not govern the foreclosure in this case because Plaintiff had not claimed the property as his principal residence at the time

of foreclosure, and that this claim should therefore be dismissed for failure to state a claim. (Def.'s Mot., ECF No. at Pg. ID 114–15.)  The Court agrees.

The requirements of MCL § 600.3205(c) "do not apply when property is not claimed as a principal residence" under MCL § 211.7cc, the general property tax act. *Yousif v. Bank of New York Mellon*, No. 12-12507, 2012 WL 2403472, at *5 (E.D. Mich. June 26, 2012). Rather, the property "must be claimed as a principal residence exempt from tax under Michigan Complied Laws 211.7cc." *Id.* (citing MCL §§600.3205(a)(1); 600.3204(4)). Further, "[a] property owner claims a property as his or her principal residence "by filing an affidavit with the local tax collecting unit in which the property is located." *Id.* (citing MCL § 211.7cc). Defendants direct the Court's attention to a public record that allegedly demonstrates the non-homestead status of the Property at the time of foreclosure. (ECF No. 6-7.) Defendants assert that this document makes apparent that the Property was not claimed as the principal residence exempt from tax, and thus the requirements of MCL § 600.3205(c) do not apply. Plaintiff in its responsive brief rejects Defendants' contentions, asserting that "Plaintiff has always maintained his homestead tax exemption which raises the issue to a question of fact that will be further flushed out through discovery." (Pl.'s Resp. Br., ECF No. 9 at Pg. ID 227.)

The Court need not determine whether the public record supplied by Defendants makes readily apparent that the Property was not Plaintiff's principal

residence at the time of foreclosure, given that the Sixth Circuit holds the following:

> Pursuant to Mich. Comp. Laws § 600.3205c(8), the sole remedy for a mortgage holder's failure to follow the loan modification process is converting the foreclosure by advertisement to a judicial foreclosure. *See Elsheick,* 566 Fed. Appx. at 498, 2014 WL 2139140, at *6. That remedy, however, can only apply when the foreclosure itself is still pending. *See Smith,* 485 Fed. Appx. at 756 [.] Thus, judicial foreclosure is inapplicable as a remedy after a foreclosure unless plaintiff has sufficiently stated the requisite fraud or irregularities.

*Holliday v. Wells Fargo Bank, NA*, 569 F. Appx. 366, 370 (6th Cir. 2014)

Provided that (1) the sole remedy for violation of the loan modification process is conversion of the foreclosure by advertisement; (2) the foreclosure is no longer pending; and (3) this Court, in compliance with Sixth Circuit case law, has already determined that a violation of the loan modification statute does not amount to fraud or irregularity sufficient to set aside a foreclosure by advertisement, judicial foreclosure is not an available remedy in this instance given that the foreclosure is completed. The Court therefore **GRANTS** Defendants' motion as to Count 2.

## V.

**Conversion of the Foreclosure**

Plaintiff asserts in Count 3 of the complaint that because Defendants violated the loan modification statute, the foreclosure by advertisement must be converted to a judicial foreclosure. (Compl., ECF No. 1-2 at Pg. ID 18–20.) As

11

previously set forth, conversion to judicial foreclosure is not available as a remedy, given that the foreclosure is no longer pending and the irregularity asserted by Plaintiff – violation of the loan modification statute – is insufficient to set aside the foreclosure. Accordingly, the Court **GRANTS** Defendants' motion as to Count 3.

Accordingly, for the abovementioned reasons, the Court **GRANTS** Defendants' motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 22, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 22, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

12