UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HATTEM THABATA,

        Plaintiff,                    Civil Case No. 14-13104
                                            Honorable Linda V. Parker

v.

GREEN TREE SERVICING LLC
EVERHOME MORTGAGE,

        Defendants.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 23]</u>**

On September 22, 2015, this Court issued an opinion and order dismissing Plaintiff's complaint. (ECF No. 21.) Presently before the Court is Plaintiff's motion for reconsideration. (ECF No. 23.) For reasons that follow, the Court **DENIES** Plaintiff's motion.

**I.**

**A. Standard of Review**

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons

1

entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D.Mich.2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F.Supp.2d 759, 780 (E.D.Mich.2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

### B. Analysis

In his motion for reconsideration, relying on *Kim v. JP Morgan Chase Bank, NA*, 825 N.W. 2d 329 (2012), Plaintiff asserts the following:

> [V]iolations of the loan modification statute **may** amount to the requisite fraud or irregularity needed to set aside the foreclosure even after the expiration of the redemption period and whether Plaintiff is prejudiced is a question of fact that Plaintiff has or can be demonstrated in that Plaintiff would have been in a better position to preserve his interest in the property absent Defendants' noncompliance with the statute as stated in his Answer to Defendant's Motion to Dismiss.
>
> That this Honorable Court apparently did not have the full benefit of *Kim v. JP Morgan Chase Bank, NA*.

2

> That this Honorable Court's lack of the full benefit *of Kim v. JP Bank, NA* was a palpable defect.

(Pl.'s Mot., ECF No. 23 at Pg. ID 499.)

Plaintiff's assertions are troubling for an array of reasons. The Court in its opinion, cited *Kim* when setting out the standard for setting aside a foreclosure sale (*See* ECF No. 21 at Pg. ID 490), and thus clearly had the "full benefit" of the case when making its determination. Plaintiff ignores the fact that the Sixth Circuit has consistently held that "a violation of the loan modification statute does not amount to fraud or irregularity in the foreclosure procedure" sufficient to set aside the foreclosure. *Gjokaj v. HSBC Mortgage Servs., Inc.*, 602 F. Appx. 275, 278 (6th Cir. 2015); *see also Williams v. Pledged Prop. II, LLC*, 508 Fed. Appx. 465, 468 (6th Cir. 2012)). This Court reached this same conclusion in its opinion and relied on the same Sixth Circuit case law.

Further, with respect to Plaintiff's contention that "whether Plaintiff is prejudiced is a question of fact that Plaintiff has or can be demonstrated," this Court stated previously that: (1) Plaintiff does not raise an argument for prejudice in the complaint; (2) Plaintiff explicitly stated that "there is no evidence on the record regarding prejudice endured by the Plaintiff, as there has been no opportunity to present any since there has been no discovery"; and (3) pursuant to the Sixth Circuit holding in *Holliday v. Wells Fargo Bank, NA*, 569 F. Appx. 366,

372 (6th Cir. 2014), a party cannot use the discovery process to obtain the facts needed to support its claim after filing suit. (ECF No. 21 at Pg. ID 491–92.) "[R]econsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). Accordingly, Plaintiff's argument with respect to prejudice must fail.

For the abovementioned reasons, Plaintiff fails to demonstrate a palpable defect. Consequently, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 18, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager